IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| RUSSELL HODGE, | ) | |
| | ) | No: 08-CV-4072-DEO |
| | ) | |
| Movant, | ) | |
| | ) | MOTION TO AMEND |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

COMES NOW, the Movant, through counsel, and hereby, pursuant to Local Rule 15.1, and Federal Rule of Civil Procedure 15 (c) (2) moves to amend his original Section 2255 Motion. In support, Mr. Hodge states:

1. Local Rule 15.1 requires a party amending the pleadings to describe the changes made.

2. Mr. Hodge adds Grounds I and II which both relate to the proper sentencing standard under Gall v. United States, 128 S.Ct. 586 (2007)

3. Mr. Hodge leaves in Ground III, which was originally pled in Mr. Hodge's pro se motion.

4. The United States Supreme Court has not yet ruled upon the retroactivity of Gall v. United States. Without such a retroactivity ruling, Mr. Hodge acknowledges that the motion is likely untimely.

5. There likely is a statute of limitations issue under the Antiterrorism

and Effective Death Penalty Act. See 28 U.S.C. § 2255 (f) (requiring action to be brought within one year of direct appeal).

6. Judgment in this matter became final on June 21, 2007, or 10 court days following his June 7, 2007 sentencing.

7. The statute of limitations runs one year from the latest of: (1) the date on which the judgment of conviction becomes final; or (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or 28 U.S.C. 2255 (f) (1)-(4)[1].

8. Since the appeal became final on June 21, 2007, his deadline expired on June 21, 2008. 28 U.S.C. 2255 (f) (1) (one year deadline begins one year from the date the case becomes final). Mr. Hodge filed his Motion for 2255 Relief on August 18, 2008. So unless another subsection applies, Mr. Hodge's Motion will be untimely.

9 The most likely subsection to save Mr. Hodge's Motion would fall under (f) (3). Under (f) (3), the one year deadline will run from the date the new constitutional right was recognized and made retroactive by US Supreme Court.

---

[1] Subection (f) (4) will not apply since a new legal decision is not a "ground of fact" which could not have discovered through due diligence. U.S. v. Davis, 2008 WL 1914352, 3 (D. Neb. 2008) ([Gall] Supreme Court decision is not a "fact."[under (f) (4)]) (citing E.J.R.E. v. United States, 453 F.3d 1094, 1098 (8th Cir. 2006)

US Supreme Court has not yet made <u>Gall</u> retroactive. So Mr. Hodge will likely have to appeal this all the way to the US Supreme Court to obtain review. Mr. Hodge seeks a certificate of appealability on that issue. This will provide for CJA Appointment on appeal, and also assist in paying *certiorari* costs since CJA appeal appointments authorize payment for filing a certiorari petition.

     10.    This case presents an issue of substantial importance, and Mr. Hodge would almost certainly benefit from retroactive application of <u>Gall</u>. Mr. Gall's original sentence was 84 months. The United States appealed. The second sentence was 120 months. The US appealed again. Following the third appeal, while <u>Gall</u> was pending before the United States Supreme Court, the Court sentenced Mr. Hodge to 163 months.

WHEREFORE, for the above reason, Mr. Hodge moves to:

    A.    Amend his 2255 Motion;

    B.    for a ruling on the timeliness of his 2255 Motion; and

    C.    upon such ruling, moves for a certificate of appealability.

Respectfully submitted,

/s/ Rockne Cole

_____
Rockne Cole
Iowa Bar: 16862

209 E. Washington, Ste. 305
Iowa City, IA 52240
(319)358-1900     Office
(319)358-1902     Fax
rocknecole@gmail.com
ATTORNEY FOR MOVANT

cc:   Kevin Fletcher
      Assistant United States Attorney
      Sioux City, IA

PROOF OF SERVICE
The undersigned hereby certifies that a true copy of the forgoing was
\_\_\_\_\_     personally delivered

_____     mailed

_____     sent via FAX

__x____     emailed

to each party of record at their last known address on January 5, 2009
/s/ Rockne Cole
_____