IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| RUSSELL HODGE, | ) | |
| | ) | No: 08-CV-4072-DEO |
| | ) | |
| Movant, | ) | |
| | ) | AMENDED 2255 MOTION |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

COMES NOW, the Movant, and hereby, pursuant to 28 U.S.C. § 2255,

moves to vacate his 163 month sentence, and moves for a new sentencing hearing

under the standard of <u>Gall v. United States</u>.  In support, Mr. Hodge states:

**I.     Trial Proceeding.**

    **A.     Underlying conviction:**  <u>United States v. Russell Hodge</u>, No.

5:03-cr-04105-DEO USA

    **B.     Original Indictment and Information:**

    **1.     Indictment:** On September 24, 2003, the United States indicted

Russell Hodge.

        a.     Count 1 accused him of Possession of a Firearm after having

been convicted of a felony in violation of  18 U.S.C. §§ 922(g)(1) and 924(a)

(2).

1

b.      Count 2 Possession of a Firearm while being an unlawful user of methamphetamine in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2).

**2.      Information:** On June 8, 2004, the United States filed a Trial Information (with Mr. Hodge's consent) accusing him of conspiring to distribute over 500 grams of pure methamphetamine in violation of 21 U.S.C. §§ 841 (a) (1) and 841(b) (1) (A); and (2), and (2) to distribute Pseudoephedrine, a list I chemical, knowing and having reasonable cause to believe that the Pseudoephedrine would be used to manufacture methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(c) (2).

**C.      Plea Proceedings.**

**1.      Entry of Plea:**      On June 8, 2004, Mr. Hodge pled guilty to Count 2 of the Indictment: Possession of Firearms by Unlawful User of Controlled Substance and to   Count 1 of the Information: Conspiracy to    Manufacture 500 Grams or More of Methamphetamine Actual and        Distribute Pseudoephedrine.

**2.      Plea Agreement:**

a.      The plea agreement stipulated that in exchange for the

2

defendant's guilty pleas, the government agreed to dismiss all remaining counts and not file any additional charges based on the information in their possession. In addition, the parties agreed to the following guideline stipulations:

1) *For Count 1 if the Information:* Base Offense Level of 38 based on at least 15,000 grams of methamphetamine mixture and the defendant's involvement in at least 3 kilograms or more of Pseudoephedrine, U.S.S.G. § U.S.S.G. 2D1.1(c)(1). The parties agree however, the Court could determine a lower base offense level if the defendant is determined to have a minor role in the offense.

2) Two level upward adjustment for possession of a firearm, U.S.S.G. § 2D1.1 (b) (1); and

3) The determination of Role in the Offense pursuant to U.S.S.G. §§ 3B1.1 or 3B1.2, shall be determined by the Court.

4) *For Count 2 of the Indictment:* Base Offense Level of 20 pursuant to U.S.S.G. § 2K2.1 (a) (4); and

5.    Three level reduction for Acceptance of Responsibility, U.S.S.G. § 3E1.1.


**D.    Sentencing Proceedings**

3

1.    **First Sentencing:** 84 months (September 17, 2004)

2.    **Second Sentencing:** 120 months (September 12, 2005).

3.    **Third Sentencing:**  163 months (June 7, 2007)

## II.    Appeal Proceedings

### A.    First Appeal

1.    On November 4, 2004, the Government filed a notice of appeal

2.    **Issue Raised:** whether the Court erred in finding a minor role reduction under United States Sentencing Guidelines 3B1.2.

3.    **Result:**    The 8th Circuit agreed, and remanded for re-sentencing. United States v. Hill, 04-3728 (July 13, 2005).

### B.    Second Appeal

1.    Both Parties appealed the 120 month judgment.

2.    **Government issues:** whether the court erred in applying a below the guideline sentence.

3.    **Mr. Hodge's issue:**        whether the Court erred in refusing to compel a substantial assistance downward departure below the mandatory minimum.

4.    **Result:**    The 8th Circuit sustained the Government's objection and overruled Mr. Hodge's issue.  It remanded for re-

4

sentencing.

**III.**   **Pro Se 2255 Motion.**

**A.**   **Date of Filing:**   On August 19, 2008, Mr. Hodge filed a Pro Se

Motion for 2255 Relief.

**B.**   **Grounds:**   Mr. Hodge alleges that the Court does not have

jurisdiction because the bill authorizing subject matter jurisdiction over

narcotics prosecutions did not pass both the Senate and House before

President Truman signed the bill.

**IV.**   **AMENDED AND SUBSTITUTED GROUNDS.**

**A.**   **GROUND I:  INEFFECTIVE COUNSEL UNDER 6TH**

**AMENDMENT TO US CONSTITUTION, TO WIT:  TRIAL**

**COUNSEL FAILED TO ADVISE MR. HODGE TO APPEAL THE 163**

**MONTH SENTENCE IN LIGHT OF US SUPREME  COURT'S**

**PENDING GRANT OF CERTIOARI IN GALL AND**

**CLAIBORNE.**

1.   Trial counsel failed to counsel Mr. Hodge to file a Notice of

Appeal, and to challenge his 163 month sentence based upon pending

grant of *certiorari* on <u>Claiborne</u> and <u>Gall</u>.

2.    At time of Mr. Hodge's third sentencing, this Court had already sentenced to 84 months and 120 months.

3.    Following the 2nd sentence, the Government successfully appealed on a now discredited line of 8th case law.

4.    On page 27 of its Brief, the Government wrote: "Defendant's pedestrian cooperation would not have warranted a 59% departure down to the mandatory minimum. Cf. <u>United States v. Saenz</u>, 428 F.3d 1159 (8th Cir. 2005)."

5.    On page 40, the Government wrote: "The further a sentence deviates from the range, the more likely it is to be unreasonable. As this Court noted, '[a]n extraordinary reduction must be supported by extraordinary circumstances." Second Direct Appeal Brief p. 40.

6.    The 8th Circuit agreed and concluded that the 59% variance was unreasonable. <u>United States v. Hodge</u>, No. 05-3633 slip op. at p. 2.

7.    At the June 4, 2007 re-sentencing, the Court applied the Hodge II opinion, the Court granted a 30% 5K1 reduction, and another 20% variance.

8.    At the time of the June 4, 2007 sentencing, the United States

6

Supreme Court had granted certiorari in an 8th Circuit case:

United States v. Mario Claiborne, 06-5618

9.     The Court granted *certiorari* on November 3, 2006.

10.    The cert petition addressed two questions:

   a.     Was the Court's below the guideline range unreasonable, and

   b.     In making that determination, is it consistent with United States v. Booker, 543 U.S. 220 (2005), to require that a sentence which constitutes a substantial variance from the Guidelines be justified by extraordinary circumstances?

11.    Mr. Claiborne died, and the case was dismissed as moot on June 4, 2007, the date of Mr. Hodge's second resentencing.

12.    On June 11, 2007, the United States Supreme Court granted cert on Gall case.

13.    The Supreme Court addressed one issue in Gall: "whether, when determining the reasonableness of a district court sentence under US v. Booker, 543 U.S. 220 (2005), it is appropriate to require district courts to justify a deviation form the United States Sentencing Guidelines with a finding of extraordinary circumstances."

14.    On December 10, 2007, the United States Supreme Court

expressly rejected the 8th Circuit "extraordinary deviation requires extraordinary circumstances test." <u>Gall v. U.S.</u> 128 S.Ct. 586, 597 (2007).

15.   For non-guidelines sentence, the Court stated that a "court may not apply a presumption of unreasonableness." <u>Gall v. U.S.</u>, 128 S.Ct. 586, 597 (2007).

16.   It further stated that while the appellate court "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." <u>Id</u>.

17.   Mr. Hodge's lawyer failed to advise Mr. Hodge that *certiorari* had been granted in Gall and Claiborne following Mr. Hodge's June 4, 2007 sentencing.

18.   The Supreme Court's grant of certiorari in <u>Gall</u> and <u>Claiborne</u> strongly suggested that the "extraordinary departure requires extraordinary facts" test was in serious question.

19.   If trial counsel had appealed, Mr. Hodge could have benefited from the favorable change in law in *Gall* which allowed for much

8

greater discretion by district court's in sentencing proceedings, and a much more deferential abuse of discretion standard of review to non-guideline sentences.

20.    The prejudice was especially great since this Court had shown a willingness to sentence Mr. Hodge to a much lower sentence than the guideline range sentence.  The Court had earlier sentenced Mr. Hodge to 84 month and 120 month sentence.

21.    Its decision to grant only a 20% variance was in large part probably due to concerns of being reversed for a 3rd time.

22.    However, after <u>Gall</u>, this Court's 120 month sentence would have withstood appellate review under much more deferential <u>Gall</u> abuse of discretion standard under the totality of circumstances.


**B.    Ground II:  THE 8TH CIRCUIT STANDARD UNDER WHICH MR. HODGE WAS SENTENCED VIOLATED MR. HODGE'S 6TH AMENDMENT SENTENCING RIGHTS UNDER THE 6TH AMENDMENT TO THE US CONSTITUTION.**

1.    Mr. Hodge acknowledges that this issue will largely have to be decided by Supreme Court.

2.    The United States Supreme Court has not yet decided Gall's

retroactivity.

3.      As described supra in Ground I, <u>Gall</u> affords sentencing judges wide latitude.

4.      With a proper more deferential <u>Gall</u> standard, the District Court likely would have given Mr. Hodge a 120 month sentence, which is right at the mandatory minimum penalty.

5.      As described above, the test employed by the District Court conflicted with the proper standard under the <u>Gall</u> case.

6.      The sentencing hearing thus violated Mr. Hodge's 6th Amendment rights as defined in <u>Booker</u>, and <u>Gall</u>.

7.      Relief should be granted under 28 U.S.C 2255 (b): "If the court finds that ... the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall ... correct he sentence as may appear appropriate."

8.      The United States Supreme Court has not yet decided the retroactivity of <u>Gall</u>.

9.   Mr. Hodge thus begins the process of litigating the retroactivity of <u>Gall</u>.

**C.    Ground III:    (Pro Se Issue)    THE UNITED STATES DOES NOT HAVE SUBJECT MATTER JURISDICTION TO PROSECUTE NARCOTICS CRIMES BECAUSE THE BILL AUTHORIZING SUCH JURISDICTION DID NOT PASS BOTH HOUSES OF CONGRESS BEFORE PRESIDENT TRUMAN SIGNED THE BILL.**

1.    This issue is set out by *amicus*.

2.    Mr. Hodge's counsel does not consider the issue to have merit, but he has agreed to keep it in, especially since *amicus* desires to brief this issue in full.

**V.    STATUTE OF LIMITATION**

**A.**    There likely is a statute of limitations concerns under the Antiterrorism and Effective Death Penalty Act. See 28 U.S.C. § 2255 (f) (requiring action to be brought within one year of direct appeal).

**B.**    Judgment in this matter became final on June 21, 2007, or 10 court days following his June 7, 2007 sentencing.

**C.**    The statute of limitations runs one year from the latest of:

(1) the date on which the judgment of conviction becomes final;

...

11

(3) the date on which the right asserted was initially recognized by the

Supreme Court, if that right has been newly recognized by the

Supreme Court and made retroactively applicable to cases on

collateral review; or

(4) the date on which the facts supporting the claim or claims

presented could have been discovered through the exercise of due

diligence.

28 U.S.C. 2255 (f) (1)-(4)

**D.**    Since the appeal became final on June 21, 2007, his deadline expired on

June 21, 2008. 28 U.S.C. 2255 (f) (1) (one year deadline begins one year

from the date the case becomes final)

**E.**    The only way around this is through subsection (f) (3), or (f) (4).

**F.**    Under (f) (3), the one year deadline will run from the

date the new constitutional right was recognized and made retroactive by US

Supreme Court.  US Supreme Court has not yet made <u>Gall</u> retroactive.  So

Mr. Hodge will likely have to appeal this all the way to the US Supreme

Court to obtain review. Mr. Hodge seeks a certificate of appealability on that

issue.

**G.**    (f) (4) does not apply since the December 10, 2007 <u>Gall</u> decision is

not a discoverable fact "However, a Supreme Court decision is not a 'fact'

12

E.J.R.E. v. United States, 453 F.3d 1094, 1098 (8th Cir.2006).

## VI.    REQUESTED REMEDY ON GROUNDS I AND II.

A.    For Grounds I and II, Mr. Hodge seeks a new sentencing hearing;

B.    If the Court granted relief on Ground III, relief should be release from custody.

## VERIFICATION

I, Russell Hodge state, under penalty of perjury, that the

foregoing allegations on pages 1-13 of this Motion for 2255 relief are

true and correct to the best of my knowledge and belief.

_Russell Hodge_

STATE OF WISCONSIN / COUNTY OF ADAMS

Sworn to before me by Russell Hodge on

_December 31_ , 2008

MY COMMISSION EXPIRES ON 3-27-2011.

P. ZILLS, NOTARY PUBLIC

Respectfully submitted,

Rockne Cole
Iowa Bar: 16862

209 E. Washington, Ste. 305
Iowa City, IA 52240
**Phone:** 319-358-1900
**FAX:** 319-358-1902
rocknecole@gmail.com
ATTORNEY FOR MOVANT

cc:    Parties of Record

PROOF OF SERVICE

The undersigned hereby certifies that a true copy of the forgoing was
_____ mailed to Mr. Hodge
___x___ emailed to Parties of Record

to each party of record at their last known address on __1 - 5 -09__, 2008
/s/ Rockne Cole
_____

14