```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF IOWA
                   WESTERN DIVISION
```

| | |
|---|---|
| RUSSELL JAMES HODGE,<br><br>     Petitioner,<br>v.<br>UNITED STATES OF AMERICA,<br><br>     Respondent. | No. 08-CV-4072-DEO<br><br>PRELIMINARY REVIEW ORDER |

## TABLE OF CONTENTS

I.    FACTS . . . . . . . . . . . . . . . . . . . . . . . 2

II.   LAW & ANALYSIS . . . . . . . . . . . . . . . . . . . 6

III.  MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF . . . . 11

IV.   CERTIFICATE OF APPEALABILITY . . . . . . . . . . . 14

V.    CONCLUSION . . . . . . . . . . . . . . . . . . . . 16

The matter is before this Court on Petitioner Russell James Hodge's pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which was amended by appointed counsel on January 6, 2009. Docket Nos. 1 & 19. Hodge is currently serving a 163-month sentence for drug-related convictions. He bases his asserted right to be released in part on the ground that this Court lacked subject matter jurisdiction over his prosecution. Hodge alternatively requests that the Court vacate his sentence and resentence him in light of his trial counsel's failure to provide effective

assistance in violation of the Sixth Amendment. As a further alternative, Hodge requests that the Court resentence him following recent Supreme Court decisions concerning the discretion afforded sentencing courts and the scope of appellate review of sentences. The Court has conducted a preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.[1] As explained below, the petition must be dismissed as time-barred under 28 U.S.C. § 2255(f).

## I.  FACTS

Petitioner Russell James Hodge pleaded guilty to (1) being an unlawful user of a controlled substance while in possession of a firearm[2] and (2) conspiring to manufacture, distribute, and possess with the intent to distribute 500

---

[1] When a § 2255 motion is filed in a district court,

> [t]he judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

[2] 18 U.S.C. §§ 922(g)(3) & 924(a)(2).

grams or more of actual (pure) methamphetamine[3] and conspiring to distribute pseudoephedrine knowing it would be used to manufacture methamphetamine.[4]

After granting Hodge a minor-role reduction over the Government's objection, this Court sentenced Hodge to a total term of 84 months imprisonment.  The Government appealed, arguing this Court incorrectly granted Hodge the minor-role reduction.  The Court of Appeals reversed and remanded for resentencing.[5]

On remand, this Court resentenced Hodge to a non-Guidelines mandatory minimum sentence of 120 months. Hodge appealed the denial of his motion to compel the Government to file a substantial assistance downward departure motion under 18 U.S.C. § 3553(e), [6] and the United States

---

[3] 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A).

[4] 21 U.S.C. § 841(c)(2).  The unlawful user in possession of a firearm charge was contained in Count 2 of the original indictment.  See Docket No. 1, Case No. 03-CR-4105-DEO.  An information filed on June 8, 2004, contained the conspiracy charges.  See Docket No. 28, Case No. 03-CR-4105-DEO.

[5] Hodge I, 142 F. App'x 268 (8th Cir. 2005) (unpublished opinion).

[6] At Hodge's original sentencing before this Court, the Government made a motion under United States Sentencing Guidelines Manual (U.S.S.G.) § 5K1.1 to depart from the Guidelines range based on Hodge's substantial assistance. However, because the Guidelines range after granting the role reduction was already below the mandatory minimum, an additional § 3553(e) motion was required to permit the Court to depart below the statutory mandatory minimum.  The

cross-appealed, challenging the below-Guidelines sentence. The Court of Appeals reversed and remanded once again for resentencing.[7]

Finally, on June 7, 2007, this Court resentenced Hodge to 163 months. Neither party appealed. Hodge's convictions therefore became final on June 21, 2007, ten days after the entry of judgment. See Fed. R. App. P. 4(b)(1)(A); Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987) (explaining that a "final" conviction means "a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

On August 7, 2008, Hodge placed in the prison mail his petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Docket Nos. 1 & 19.[8] In his §

---

Government did in fact subsequently make the § 3553(e) motion, but explicitly reserved the right to withdraw the motion should its objection to the minor role reduction prove successful on appeal, which it did. On remand the Government renewed its § 5K1.1 motion, but withdrew its § 3553(e) motion for a substantial assistance departure below the statutory mandatory minimum because the advisory Guidelines range on remand — 292 to 365 months — was significantly higher than the mandatory minimum of 120 months.

[7] Hodge II, 469 F.3d 749 (8th Cir. 2006).

[8] On August 19, 2008, Hodge filed a pro se motion for post-conviction relief under 28 U.S.C. § 2255. Docket No. 1. On August 29, 2008, this Court ordered the appointment of counsel to represent Mr. Hodge. Docket No. 2. The Court further ordered that appointed counsel would have 30 days

2255 petition, Hodge asserts: (1) that this Court lacked subject matter jurisdiction over his case because the 1948 amendments to 18 U.S.C. § 3231, which conveys exclusive jurisdiction over federal offenses to the federal courts, failed to satisfy the bicameralism and presentment requirements of the U.S. Constitution; (2) that former counsel was ineffective for failing to advise Hodge to appeal his 163 month sentence in light of the Supreme Court's grant of certiorari in <u>Claiborne v. United States</u>, 549 U.S. 1016 (2006), which concerned appellate review of sentences outside the Guidelines (and which was later replaced by <u>Gall v. United States</u>, 128 S. Ct. 586 (2007), and <u>Kimbrough v. United States</u>, 128 S. Ct. 558 (2007),[9] after the defendant died following

---

following appointment to amend or supplement Hodge's pro se pleading.  <u>Id.</u>  On January 6, 2009, after requesting and receiving several extensions of time to file amended pleading, appointed counsel for Mr. Hodge filed an amended § 2255 motion raising additional grounds for relief.  Docket No. 19.

[9] The Supreme Court granted certiorari in both <u>Gall</u> and <u>Kimbrough</u> on June 11, 2007 (127 S. Ct. 2933) — exactly one week after Hodge's June 4, 2007 sentencing in this Court.  The question presented in <u>Gall</u> was "[w]hether, when determining the 'reasonableness' of a district court sentence under [<u>Booker</u>], it is appropriate to require district courts to justify a deviation from the . . . Guidelines with a finding of extraordinary circumstances."  <u>See</u> http://www.supremecourtus.gov/qp/06-07949qp.pdf (last accessed February 26, 2009).  <u>Kimbrough</u> considered to what extent, if any, a district court can base a variance on its disagreement with the policy underlying the Guidelines treatment of an offense, in this case for crack cocaine.  <u>See</u> http://www.supremecourtus.gov/qp/06-06330qp.pdf (last accessed February 26, 2009).

argument but before an opinion was issued); and (3) that, regardless of whether his former attorney's failure to advise him to appeal amounted to ineffective assistance, he should be resentenced under the standard announced in Gall.

On January 20, 2009, pursuant to this Court's previous order (Docket No. 2), the Government filed a motion to dismiss Hodge's § 2255 petition. Docket No. 20. Then, on February 6, 2009, Hodge filed a response to the Government's motion. Docket No. 21. The matter is fully submitted.

## II.   LAW & ANALYSIS

A one-year statute of limitations generally applies to § 2255 motions:

> The limitation period shall run from the latest of-
>
>     (1) the date on which the judgment of conviction becomes final;
>
>     (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>     (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  In the amended motion, counsel for Hodge concedes that the timeliness of the motion should not be determined through application of subsections (2) through (4), and that application of subsection (1) would render the motion time-barred.  Docket No. 19 at 13-14.  The Court agrees.

Applying subsection (1) of § 2255(f), Hodge had one year following the date his conviction became final to file his § 2255 motion.  By definition, a judgment becomes "final" when it can no longer be appealed.  See Griffith, 479 U.S. at 321 n.6; Never Misses a Shot v. United States, 413 F.3d 781, 782 (8th Cir. 2005) (noting that when a defendant does not pursue a direct appeal his conviction becomes final when time for filing a direct appeal expires — 10 days after the entry of judgment).  In this case, Hodge's right to appeal expired on June 21, 2007 — 10 court days after the time judgment in his case had been entered by this Court.  Never Misses a Shot, 413 F.3d at 782.  Thus, Hodge's claims accrued — and the one-year statute of limitations imposed by 28 U.S.C. § 2255(f) began to run — on June 21, 2007.  As Hodge's § 2255 petition was not filed until August 7, 2008 (applying the prison mailbox rule (see Rule 3(d) of the Rules Governing Section 2255 Proceedings)), the motion is untimely.  The narrowly-applied doctrine of equitable tolling cannot be applied to alter this conclusion because Hodge has not shown that extraordinary

7

circumstances beyond his control kept him from filing in a timely fashion, or that government conduct lulled him into inaction through his reliance on that conduct. Anjulo-Lopez v. United States, 541 F.3d 814, 816 (8th Cir. 2008); United States v. Hernandez, 436 F.3d 851, 858 (8th Cir. 2006).

Nevertheless, Hodge seeks to benefit from the Supreme Court's recent decision in Gall. Gall was decided on December 10, 2007. Thus, *if* the Supreme Court in Gall (1) recognized a "new rule" *and* (2) made the new rule retroactive to cases on collateral review, *then* Hodge's motion would be timely under 28 U.S.C. § 2255(f)(3). As explained below, however, the Court in Gall did neither of the above.

Rather than announcing a "new rule," Gall merely *clarified* the rule previously announced by Booker.[10] And even if Gall *had* heralded a new rule, such rule would not be applied retroactively to Hodge's case unless the Supreme Court held it to be retroactive, which it has not. See Tyler v.

---

[10] The rule announced by Booker was that the Guidelines were to be treated as advisory, and appellate review of sentencing decisions was to be limited to determining whether they are "reasonable." Booker, 543 U.S. at 260-62. Gall clarified Booker's "reasonableness" rule: "[i]n reviewing the reasonableness of a sentence outside the Guidelines range, appellate courts may . . . take the degree of variance into account and consider the extent of a deviation from the Guidelines . . . [but] [w]e reject . . . an appellate rule that requires 'extraordinary' circumstances to justify sentence outside the Guidelines range." Gall, 128 S. Ct. at 594.

8

Cain, 533 U.S. 656, 663 (2001) (observing that "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive."); United States v. Davis, No. 04-199, 2008 WL 1914352, at *3 (D. Neb. April 28, 2008) (unpublished opinion) (concluding neither Gall nor Kimbrough apply retroactively on collateral review).  Either way, Gall did not trigger a new year-long limitation period when it was issued on December 10, 2007.[11]  Thus, Gall does not render Hodge's § 2255 petition timely.

---

[11] This is not to say Hodge's argument is without merit — Hodge's counsel is not the first to recognize the retroactive potential of Gall.  See Claude M. Tusk, Sentencing Post-'Gall': Reasonableness v. Proportionality, N.Y.L.J., Dec. 26, 2007, at 1 ("A final question to consider in the post-Gall world is the extent to which judges who previously wished they had discretion to impose sentences below the guidelines range in particular cases but believed they did not will permit the defendants in such cases to reopen the question of their sentences in light of Gall.").  In fact, as Hodge's counsel observes, this Court previously imposed a below-Guidelines sentence, but was reversed (for the second time) on appeal. Notably, the appellate decision reversing the below-Guidelines sentence relied heavily on case law subsequently abrogated by Gall. See Hodge II, 469 F.3d at 756-57 (repeatedly citing and quoting United States v. Beal, 463 F.3d 834 (8th Cir. 2006) (setting forth reasonableness review standard applicable to below-Guidelines sentences), *cert. granted*, *vacated*, 128 S. Ct. 857 (Jan. 7, 2008), *remanded to* Beal v. United States, No. 06-8498 (8th Cir.) for further consideration in light of Gall. Beal's now-discredited standard of review was, in turn, based on the erroneous principle that "'[a]n extraordinary reduction must be supported by extraordinary circumstances.'" Beal, 463 F.3d at 836 (quoting United States v. Dalton, 404 F.3d 1029, 1033 (8th Cir. 2005)); cf. Gall, 128 S. Ct. at 594 (rejecting "extraordinary circumstances" test).  Hodge seeks a certificate of appealability on the issue of Gall's retroactivity.  See infra Part IV.

Having determined that Hodge's § 2255 motion was filed more than two months after § 2255(f)'s one-year limitations period expired, the Court need not reach the merits of Hodge's ineffective assistance of counsel claim, or his assertion that this Court lacked subject matter jurisdiction over his criminal prosecution in the first instance. See Christopher v. Harbury, 536 U.S. 403, 417 (2002) (reaffirming "the obligation of the judicial branch to avoid deciding constitutional issues needlessly."). Still, as to the latter of these arguments, the Court finds it worthwhile to sum up the gist of Hodge's pro se claim and to explain why it is without merit.

In his initial pro se petition, Hodge essentially argues that his conviction and continued detention are invalid because a 1948 amendment to 18 U.S.C. § 3231 — the statute this Court relied upon for subject matter jurisdiction over his criminal prosecution — never passed both houses of Congress in 1948. Docket No. 1. This argument lacks merit, however, as "[t]he 1948 amendment to § 3231 passed both houses of Congress and was signed into law by President Truman on June 25, 1948," and, as a result, "the amendments and statutes relied upon for jurisdiction in this case were 'properly enacted and are binding.'" United States v. Risquet, 426 F. Supp. 2d 310, 311 (E.D. Pa. 2006) (rejecting argument

identical to Hodge's) (quoting <u>United States v. Lawrence</u>, No. 02-200, 2006 WL 250702, at *1 (N.D. Ill. Jan. 27, 2006)). Moreover, even if the 1948 amendment to § 3231 suffered the defects alleged by Hodge, this Court would retain jurisdiction because the predecessor to § 3231, which Hodge does not challenge, provides for such jurisdiction as well. <u>Id.</u>  At least one district court in this circuit has retained jurisdiction pursuant to § 3231 despite a similar challenge to its validity. <u>See</u> <u>Jones v. Unknown Warden</u>, No. 06-00082, 2006 WL 389833, at *1 (E.D. Mo. Feb. 17, 2006) (unpublished opinion).

Because it is apparent from the face of the motion and supporting record that Hodge's § 2255 motion is untimely, no evidentiary hearing will be required.  <u>See</u> <u>Anjulo-Lopez</u>, 541 F.3d at 817 (no evidentiary hearing is required, on motion to vacate, set aside, or correct sentence, where the defendant's claim "is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.") (internal marks and citation omitted).

### III.  MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF

Shawn Harper, a federal prisoner currently serving a 117-month sentence for drug-related convictions, moves the Court for leave to file on behalf of a group of "similarly situated" federal prisoners an amici curiae brief in support of Hodge's

§ 2255 motion.  Docket Nos. 11 & 23.[12]

The Court can identify no statute, rule, or controlling case that defines a federal district court's power to grant leave to file an amicus brief, and Harper cites no such authority.  However, Federal Rule of Appellate Procedure 29 governs the filing of an amicus brief in the United States Courts of Appeals and, given the aforementioned absence of controlling authority, district courts faced with this issue have referred to Rule 29 for guidance.  See, e.g., Waste Mgmt. of Pa. v. City of York, 162 F.R.D. 34, 36-37 (M.D. Pa. 1995). These courts uniformly agree that the determination of whether to permit amicus briefing lies solely within the district court's discretion.  Id. at 36 (citations omitted).  Factors relevant to the determination include whether the proffered information is "timely and useful" or otherwise necessary to the administration of justice.  Id.

As the arguments in his brief make clear, Harper seeks leave to file an amici curiae brief to support Hodge's claim that this Court lacked subject matter jurisdiction over his case.  Indeed, Harper's brief is nearly identical to Hodge's initial pro se brief (which concerns only the jurisdictional claim), and both briefs are accompanied by an identical 117-

---

[12] Harper submitted his brief on December 10, 2008. Docket No. 11.  He then submitted an amended version on March 3, 2009.  Docket No. 23.

page index.  Cf. Voices for Choices v. Ill. Bell Tel. Co., 339 F.3d 542 (7th Cir. 2003) (citation omitted) ("This court has held that whether to allow the filing of an amicus curiae brief is a matter of 'judicial grace' . . . this court will therefore not grant rote permission to file such a brief, and in particular . . . will deny permission to file an amicus brief that essentially duplicates a party's brief.").  Given that Harper's argument is virtually indistinguishable from Hodge's, the Court is not persuaded that permitting the filing of Harper's amici curiae brief would be useful or otherwise necessary to the administration of justice.[13]

---

[13] While the Court does not rest its decision on the dictates of Federal Rule of Appellate Procedure 29, it nevertheless bears mentioning that Harper's brief would be untimely under that rule.  In pertinent part, Rule 29 provides:

> (e) Time for Filing.  An amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed.  An amicus curiae that does not support either party must file its brief no later than 7 days after the appellant's or petitioner's principal brief is filed.  A court may grant leave for later filing, specifying the time within which an opposing party may answer.
>
> (f) Reply Brief.  Except by the court's permission, an amicus curiae may not file a reply brief.

Fed. R. App. P. 29(e)-(f).  Harper's brief was filed December 10, 2008 — roughly four months after Hodge's principal brief

Because the Court is not persuaded that the amici curiae brief Harper seeks to file would be useful or otherwise necessary to the administration of justice, Mr. Harper's pro se motion for leave to file an amici curiae brief (Docket No. 11) and amended pro se motion for leave to file an amici curiae brief (Docket No. 23) will be denied.

### IV.   CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a district court may issue a certificate of appealability — thereby allowing a petitioner to appeal the denial of his § 2255 petition — if "the applicant has made a substantial showing of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. 473, 483 (2000) (citing 28 U.S.C. § 2253(c)). In Slack, the Supreme Court defined "substantial showing" as follows:

> To obtain a [certificate of appealability] under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under [Barefoot v. Estelle, 463 U.S. 880 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

Slack, 529 U.S. at 483-84 (internal marks and citation

---

was filed.

omitted).   Accord Garrett v. United States, 211 F.3d 1075, 1076-77 (8th Cir. 2000).

Although Hodge's § 2255 motion is time-barred, the Court believes that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner." Slack, 529 U.S. at 483-84.  Counsel for Hodge requests a certificate of appealability on the question of whether Gall may be applied retroactively to reduce Hodge's sentence of 163 months.  Docket Nos. 19 & 21.  The Court's decision in this case was a judgment call, and this Court is of the opinion that all its judgment calls should be reviewable.  Further, the Court feels the issue for which Hodge seeks a certificate of appealability is an important one, and the few cases that have addressed this or similar issues provide little guidance.[14]

As precedent in Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997) requires, this Court finds that the issue upon

---

[14] Rather than providing such guidance, the Supreme Court recently observed this area of law is far from settled. Danforth v. Minnesota, 128 S. Ct. 1029, 1034 n.4 (2008) ("We note at the outset that this case does not present the questions whether States are required to apply 'watershed' rules in state post-conviction proceedings, whether the Teague [retroactivity] rule applies to cases brought under 28 U.S.C. § 2255 (2000 ed., Supp. V), or whether Congress can alter the rules of retroactivity by statute.  Accordingly, we express no opinion on these issues.").

which the applicant may have made a substantial showing of the denial of his constitutional rights is as follows:

1. Whether <u>Gall v. United States</u>, 128 S. Ct. 586 (2007), should be applied to Hodge's case to permit resentencing.

## V. CONCLUSION

Accordingly, the Government's motion to dismiss (Docket No. 20) is **GRANTED**, and Hodge's § 2255 petitions (Docket Nos. 1 & 19) are **DISMISSED** as time-barred.

Mr. Harper's pro se motion for leave to file an amici curiae brief (Docket No. 11) and amended pro se motion for leave to file an amici curiae brief (Docket No. 23) are **DENIED**.

Hodge's request for a certificate of appealability on the aforementioned issue is **GRANTED**.

**IT IS SO ORDERED** this 17th day of March, 2009.

Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa